UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNEDY FUNDING, INC.,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>RUGGERS AQUISITION AND<br>DEVELOPMENT, LLC. ET AL.<br><br>　　　　Defendants | Civil Action No. 07-669(FSH) |
| JM REALTY & INVESTMENTS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>KENNEDY FUNDING, INC.,<br><br>　　　　Defendants | Civil Action No. 07-218(FSH) |

　　This matter having come before the Court by way of joint submission dated November 9, 2007, regarding certain discovery disputes;[1]

　　and the Court having considered the submissions, claims, defenses, prior orders, and record of proceedings;

　　and for the reasons set forth herein;

---

[1] The Court also received a letter dated November 8, 2007 but the November 9, 2007 mooted the need for the court-intervention sought in the November 8, 2007 letter.

and for good cause shown,

IT IS ON THIS 12th day of November, 2007

ORDERED that the subpoena served upon Valley National Bank shall be revised to reflect that the dates for responsive documents shall be from October 1, 2006 through November 13, 2006. Valley National shall provide a response to the revised subpoena no later than **November 29, 2007;**[2]

IT IS FURTHER ORDERED that, with respect to Ruggers Interrogatory No. 16 and Document Demand No. 8, Ruggers objection to the time frame limitation of November 13, 2006 is overruled and no further response is required except that, no later than **November 19, 2007,** KFI shall confirm via a certified answer to Interrogatory No. 16, that the source of the funds for the Ruggers transaction was the Valley National line of credit and identify any other sources for the funding or certify that the sole source of the funding would have been the Valley National

---

[2] The October 29, 2007 Order and rationale for it made clear that it was allowing Ruggers to test whether or not KFI had funds to make good on its loan commitment had the transaction closed. Thus, the Court permitted Ruggers to obtain information about the line of credit available to KFI from the date it was approached to fund the loan until the date it became clear the loan would not be made. Although the Order required disclosure of the amount of funds available until the "date KFI notified Ruggers that it would not fund the transaction," and while the parties now contend that there was never official notification from KFI that the transaction would not be funded, the intent was to allow Ruggers to obtain information through the date it was clear the transaction would not be completed. Obviously, Ruggers believed that the transaction was not going to close when it filed suit on November 13, 2006. Thus, the Court declines to extend the date range to a period after November 13, 2006.

The Court also declines to extend the time frame to cover a period before October, 2006 because no evidence has been presented to support the contention that there were discussions about the transaction in May 2006 and the parties have always represented that the documents relevant to the transaction bear an October, 2006 date. The Court, however, is setting October 1, 2006 as the beginning date because KFI has represented that the first communication concerning the transaction occurred on or about October 4, 2006 and, because this an approximation, the Court will allow for extending the window slightly to account for the possibility that the transaction may have been discussed a day or two earlier.

line of credit;[3]

IT IS FURTHER ORDERED that, with respect to Ruggers' request for the amount of the financing requested for transactions set forth on the chart reflecting the loan commitments offered to prospective borrowers during the six month period before the Ruggers transaction, no further response is required;[4]

IT IS FURTHER ORDERED that, with respect to Ruggers' Supplemental Interrogatories Nos. 1 and 2, KFI's objection is sustained and Ruggers shall confer with KFI about the proposed compromise that would allow it to serve an additional two interrogatories for a total of seven interrogatories directed to the factually-based affirmative defenses. Said interrogatories shall be re-served no later than **November 19, 2007** and shall be responded to no later than **December 19, 2007**;[5] and

---

[3] For the reasons set forth in note 1, supra, the Court declines to enlarge the time period as requested. The Court, however, believes that the responses need to be clarified to ensure that all sources of funding available to fund the Ruggers transaction during the period October 1, 2006 through November 13, 2006 have been disclosed.

[4] As parties know, the Court required KFI to provide a snap shot of KFI lending activity during the six-month period before the Rugger's transaction was to close so that Ruggers could test whether or not KFI had the ability to fund the transactions to which it had committed. Ruggers has contended, in part, that KFI agreed to consider requests to borrow money, accepted fees to process the loan application, and then, knowing it was unable to fund the requested amount, found a reason to deny the request but still keep the fee. KFI presumably will argue that it had the means to fund the loans to which it tendered a commitment, and that this may not be the amount of money the prospective borrower initially sought. If KFI did not agree to commit to the amount originally requested, then whether or not they could have funded the amount originally requested is irrelevant. The relevant information is whether or not KFI could fund the loans to which it agreed in its commitment letters during the six-month period before the Ruggers transaction was to close. For this reason, the Court will not require KFI to disclose the amount of money the potential borrower initially requested.

[5] When the Court discussed the issue concerning the need for supplemental interrogatories to probe KFI's thirty-three affirmative defenses, it made clear that it was not permitting KFI to serve 33 additional interrogatories to probe each of the affirmative defenses. The interrogatories

IT IS FURTHER ORDERED that, based upon the representation that Ruggers intended to provide KFI with its certification to its responses to interrogatories by November 9, 2007, no court-intervention is required.[6]

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

as drafted seek to enlarge the number of interrogatories permitted as each of the thirty-three affirmative defenses would constitute a subpart. Thus, Ruggers' Supplemental Interrogatories Nos. 1 and 2 seek to circumvent the Court's limitation. The transcript leading up to the issuance of the Order limiting the number of interrogatories makes clear that the Court expected Ruggers to examine the affirmative defendants and serve five interrogatories directed toward those that appear to be fact-sensitive and for which it needs a preview before commencing depositions. Frequently affirmative defenses are asserted but are not being seriously pursued. Other affirmative defenses are better probed at deposition. Ruggers is directed to confer with KFI about the proposed compromise that would allow it to serve an additional two interrogatories for a total of seven interrogatories directed to the factually-based affirmative defenses. Said interrogatories shall be re-served no later than **November 19, 2007** and shall be responded to no later than **December 19, 2007.**

[6]Ruggers has represented that it forward to KFI the certification to its interrogatory answers on November 9, 2007.